Wesley **FREEMAN** et al., Plaintiffs,

v.

George P. **SHULTZ**, individually and in his capacity as Secretary of Labor of the United States, Melvin R. Laird, individually and in his capacity as Secretary of Defense of the United States, Dr. Thomas O. Paine, individually and in his capacity as Administrator of the National Aeronautics and Space Administration, Ward McCreedy, individually and in his capacity as Acting Director of the Office of Federal Contract Compliance of the Department of Labor of the United States, Defendants,

Grumman Aerospace Corporation, Intervenor-Defendant.

Civ. A. No. 3142–69.

United States District Court, District of Columbia.

Aug. 27, 1970.

William M. Kunstler, New York City, Philip J. Hirschkop, Washington, D. C., for plaintiffs.

Irwin Goldbloom, Atty., Dept. of Justice, William D. Ruckelshaus, Asst. Atty. Gen., Thomas A. Flannery, U. S. Atty., for defendants.

William L. Dennis, New York City, Donald J. Mulvihill, Washington, D. C., for intervenor-defendant.

### OPINION

WILLIAM B. JONES, District Judge.

The issues presented here are essentially the same as those in Hadnott, et al. v. Laird, et al., D.C., 317 F.Supp. 379, Civil Action No. 365–70 decided this day. In this action nineteen Negro employees, former employees or applicants for employment of intervenor-defendant Grumman Aerospace Corporation (Grumman) bring this action on their own behalf and on behalf of all Negro employees, former employees, applicants and prospective applicants for employment of Grumman. The defendants are the Secretary of Labor, Secretary of Defense, Administrator of the National Aeronautics and Space Agency (NASA) and the Acting Director of the Office of Federal Contract Compliance of the Department of Labor (OFCC). Grumman has been allowed to intervene as a defendant.

Plaintiffs allege that Grumman has violated the equal employment opportunity clause in its contracts with the Department of Defense and NASA. Plaintiffs' request for relief is twofold. First they would have this Court enjoin defendants from awarding any further contracts to Grumman unless and until the employment practices of Grumman are so revised as to entirely eliminate racial discrimination in its employment practices as required under Executive Order 11246, as amended. 30 F.R. 12319, 32 F.R. 14303, 34 F.R. 12985. Secondly, plaintiffs request this Court to enter a declaratory judgment that the Fifth Amendment rights of the named and unnamed class plaintiffs are violated through the actions of the Secretary of Defense and the Administrator of NASA (1) in continuing to permit performance of contracts already awarded, (2) in awarding new contracts to a private corporation which discriminates in employment on the basis of race, and (3) in

failing to enforce a private corporation's obligation under the equal employment opportunity clause in its government contracts. In addition to the alleged violation of their Fifth Amendment rights, plaintiffs assert that the inaction of the defendant Government officers violates Executive Order 11246 and the Title VII Civil Rights Act of 1964. 42 U.S.C. § 2000-e et seq.[1]

Defendants and intervenor-defendant have moved to dismiss. Among other grounds defendants assert (1) that this is an action against the United States which has not consented to be sued and (2) that plaintiffs have failed to exhaust available administrative remedies. Intervenor-defendant contends that this action should be dismissed because plaintiffs have not utilized either the administrative remedies afforded them under Executive Order 11246 and implementing regulations or the administrative judicial remedies provided by Title VII of the Civil Rights Act of 1964 and implementing regulations.

In the opinion filed this day in Hadnott, et al. v. Laird, et al., the remedies available under Executive Order 11246 and Title VII of the Civil Rights Act of 1964 were described. Reference to that opinion is sufficient here.

Plaintiffs have not alleged nor have they made any other showing that any of the named plaintiffs or any of the unnamed class plaintiffs has ever filed a complaint of a violation of the equal employment opportunity clauses in Grumman's contracts either under Executive Order 11246 and implementing regulations or under Title VII of the Civil Rights Act of 1964 and implementing regulations.[2] Plaintiffs' stated reasons for not proceeding administratively are essentially the same as those asserted by the *Hadnott* plaintiffs. As the latters'

contentions were found to be without merit so are plaintiffs' reasons here.

With respect to plaintiffs' charge that Grumman has violated its equal employment opportunity obligation, it is to be noted that between April 14 and May 10, 1969, Grumman's employment practices were reviewed by an agency of the Department of Defense. As a result of that review it was determined by that agency that Grumman was not in compliance with the requirements of Executive Order 11246 because its record and procedure for promoting equal employment opportunity were not satisfactory. The Defense Department agency entered into negotiations with Grumman as a result of which Grumman agreed to revise its procedures. An acceptable affirmative action compliance plan with periodic reporting and monitoring requirement was reduced to writing and agreed to by Grumman. As a result on May 27, 1969, the Defense Department found Grumman to be in compliance with Executive Order 11246.[3]

But plaintiffs are not satisfied with that action on the part of the Defense Department. They contend that the 1969 compliance plan is being violated. If such should be the case, there is no better way to bring it to the attention of the Government than by complaints filed by aggrieved persons either under the procedures provided by Executive Order 11246 and implementing regulations or by Title VII of the Civil Rights Act of 1964 and implementing regulations. Such complaints would focus on the alleged violations and if substantiated could furnish plaintiffs complete relief.

For the reasons stated in the opinion in Hadnott, et al. v. Laird, et al. the motions of defendants and intervenor-defendant to dismiss are granted.

---

1. Although not material to the disposition of this action, it is to be noted that the plaintiffs in Hadnott, et al. v. Laird, et al., C.A. 365–70 D.C., 317 F.Supp. 379. limited their claims to relief against the Government officers on the alleged violation of their Fifth Amendment rights.

2. The affidavit of Albert R. Jarrett attached to defendants' motion to dismiss states that none of the named plaintiffs filed a complaint or otherwise instituted a proceeding with the Department of Defense.

3. See Jarrett affidavit attached to defendants' motion to dismiss.